A. M. P. WHITTIER *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

April 19, 1880.

**Railroad traversing Farm—Agreement to leave Fence open for Crossing for Cattle—Duty of Company as to Cattle.**—This was an action to recover damages for running into plaintiff's cattle with a railway train, and killing them, upon the track of a railroad which was being operated by defendant. The testimony showed that the fences which the defendant was required by statute to build on both sides of its road were, by an understanding between plaintiff and defendant, left open on both sides at a certain place where the railroad crossed plaintiff's land, and that this was done for the purpose of affording an open crossing for plaintiff's cattle. It did not appear that it was any part of the understand-

ing that defendant should take such precautions as would wholly prevent injury to plaintiff's cattle on the crossing. *Held*, that the understanding did not require the defendant to subordinate the operation of its road to the plaintiff's privilege of an open crossing; that defendant still retained the right to run its road as if no such privilege existed, subject only to the qualification that as, in the use of this privilege, the plaintiff's cattle would be liable to be upon the crossing, defendant, in approaching the same with its trains, must exercise reasonable care in looking out for them, and if they are discovered upon the track, or so near it as to be in danger, in taking all reasonable measures to avoid injuring them. This does not require defendant to stop or slow its trains in order to ascertain whether the cattle are upon the track, or in a dangerous vicinity to it, nor, except when the cattle are discovered upon or in dangerous vicinity to the track, to stop or slow its trains to prevent possible injury to them.

Verdict not supported by the evidence.

Appeal by defendant from an order of the district court for Dakota county, *Crosby,* J., presiding, refusing a new trial. A former appeal is reported, 24 Minn. 394.

*Smith & Hale,* for appellant.

*Jasper N. Searles,* for respondent.

Berry, J. As stated in the opinion of this court upon the former appeal, (*Whittier* v. *Chicago, Mil. & St. Paul Ry. Co.* 24 Minn. 394,) this action is brought to recover damages for running into the plaintiff's cattle with a railway train, and killing them, upon the track of the Hastings & Dakota Railroad, which was being operated by defendant.

The plaintiff's contention is—*First,* that the defendant was guilty of negligence in failing to build and maintain fences on each side of its road, where the same ran through the plaintiff's land; *second,* that defendant was guilty of negligence in the manner of running its trains; and, *third,* that the killing of his cattle was the result of such negligence in one or both respects.

With regard to the alleged negligence in failing to build and maintain fences, we are of opinion that there is no evidence in the case reasonably tending to prove it. To us it seems that the evidence—which all comes from plaintiff's witnesses, defendant having offered no testimony — clearly

shows that the omission to build and maintain the fences was the result of, and in accordance with, an understanding of the parties that they should not, or need not, be built or maintained. As to the effect of this understanding, in disentitling the plaintiff to recover for injury resulting from such failure to build and maintain fences, we desire to add nothing to what is said in our former opinion.

As to the other charge of negligence, we are of opinion that there is no testimony reasonably tending to support it. The only testimony in reference to this charge is that of the engineer who ran the train, which is to the effect that he exercised all requisite care and diligence in running the same.

This really disposes of the present appeal, for it shows that the defendant's motion to set aside the verdict, and for a new trial, should have been allowed. But with reference to a possible future trial of the action, and to certain instructions given and requests refused, we add a word as to the effect of the understanding before referred to. As between themselves, it would have been competent for the plaintiff and defendant to have entered into an agreement making it defendant's duty to take such precautions as would wholly prevent injury to plaintiff's cattle upon the crossing. But the testimony has no tendency to prove any agreement of this kind. The understanding testified to does not require the defendant to subordinate the operation of its road to the plaintiff's privilege of an open crossing. The defendant still retains the right to run its road as if no such privilege existed, subject only to the qualification that as, in the use of this privilege, the plaintiff's cattle will be liable to be upon the crossing, defendant, in approaching the same with its trains, must exercise reasonable care in looking out for the cattle, and if they are discovered upon the track, or so near it as to be in danger, in taking all reasonable means to avoid injuring them. This does not require defendant to stop or slow its trains in order to ascertain whether the cattle are upon the track or in a dangerous vicinity to it; nor, except where the

cattle are discovered upon or in dangerous vicinity to the track, to stop or slow its trains to prevent possible injury to them. As before remarked, defendant, notwithstanding plaintiff's privilege of an open crossing, has the right to run its trains as if no such privilege existed, subject only to its duty before spoken of, to look out for the cattle, and avoid injuring them if discovered.

Order reversed, and new trial granted.